CHANCERY NATIONAL
BANK, Plaintiff,

v.

BLUE EAGLE, Off. No. 537004, etc., et
al., Defendants.

Clark WINGERT, a single man,
Plaintiff in Intervention,

v.

BLUE EAGLE, Off. No. 537004, et
al., Defendants.

No. C87–1545R.

United States District Court,
W.D. Washington,
at Seattle.

April 4, 1988.

Dwight L. Guy, Lynn Bahrych Squires, Bogle & Gates, Seattle, Wash., for plaintiff.

Paul L. Anderson, Madden, Poliak, Mac-Dougall & Williamson, Seattle, Wash., for defendants.

## ORDER DENYING PLAINTIFF IN INTERVENTION'S MOTION TO DISMISS

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on plaintiff in intervention's motion to dismiss. Having reviewed the motion, together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

### I. FACTS

On October 15, 1985, defendants Michael and Loretta Zarkos borrowed $140,000.00 from plaintiff Chancery National Bank ("Chancery") in exchange for a preferred ship mortgage on the Blue Eagle. Chancery recorded this mortgage with the United States Coast Guard. On November 4, 1985, the Zarkoses gave a preferred ship mortgage for $55,000.00 to plaintiff in intervention Clark Wingert ("Wingert"), which Wingert also recorded with the Coast Guard. On November 12, 1987, Chancery sought and obtained from this court an arrest of the Blue Eagle, arguing that the Zarkoses had defaulted on their preferred mortgage to Chancery. To qualify as a preferred ship mortgage under federal law, the Zarkoses' mortgages must include "an affidavit ... to the effect that the mortgage is made in good faith and without any design to hinder, delay, or defraud any existing or future creditor ..." 46 U.S.C. § 922(a)(3). Wingert now moves to dismiss this suit from federal court, contending that both mortgages fail to comply with this provision of § 922.

### II. DISCUSSION

Wingert claims that since the Zarkoses' attorney in fact, rather than the Zarkoses themselves, signed the affidavit of good faith required by § 922(a)(3), both mortgages at issue here failed to qualify as pre-

ferred mortgages. In support of his contention, Wingert cites two decisions from the United States District Court for the District of Oregon: *The Port of Portland v. The M/V Paralla,* 1987 A.M.C. 2478 (D.Ore.1987) [available on WESTLAW, 1987 WL 34271] and *Bank of Astoria v. M/V Pacific Conquest,* 1986 A.M.C. 2182 (D.Ore.1986). The District Court in *Bank of Astoria* held that an attorney in fact may not sign the affidavit of good faith for the mortgagors, only the mortgagors themselves can attest to the lawfulness of their motives. *Bank of Astoria,* 1986 A.M.C. at 2184. Wingert argues that the affidavits in the present case suffer from the same defect and therefore the mortgages do not qualify for preferred status.

█ This court is unpersuaded by the reasoning in *Bank of Astoria* and shall not deny preferred status to Chancery's mortgage on such formalistic grounds. The statute which governs preferred mortgages certainly does not on its face require the actual mortgagor rather than his or her attorney in fact to sign the affidavit. *See* 46 U.S.C. § 922(a)(3) ("an affidavit is filed"). Furthermore, where the parties do not allege fraud or bad faith, invalidating the preferred mortgage solely for the signature on the affidavit of good faith would frustrate the purpose of preferred mortgages.

> The primary purpose of the Ship Mortgage Act is to induce private capital to invest in shipping ... The SMA was designed to create "certainty in financing" vessels of the United States. H.R.Rep. No. 1116, 89th Cong., 1st Sess., *reprinted in* 1965 U.S.Code Cong. & Admin. News 4231, 4232.

*In re Alberto,* 823 F.2d 712, 719 (3rd Cir. 1987). Denying preferred status as Wingert requests would only discourage private investment and create uncertainty in financing.

█ Finally, even if this court were to conclude that the Zarkoses filed an affidavit that was signed incorrectly, "ship mortgages will not lose their preferred status where minor discrepancies exist. Substantial compliance with the Act's requirements

is sufficient." *Seattle–First Nat. Bank v. Bluewater Partnership,* 772 F.2d 565, 570 (9th Cir.1985). Since the Zarkoses' good faith is not at issue here, a technical error in the affidavit of good faith is not material and will not disqualify the mortgages for preferred status. Accordingly, this court shall uphold the legitimate aim of the parties to create preferred ship mortgages on the Blue Eagle.

THEREFORE, plaintiff in intervention's motion to dismiss is DENIED.

IT IS SO ORDERED.